UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID HENRY CURRY,

    Plaintiff,

v.

NAPHCARE, et al.,

    Defendants.

CASE NO. 3:17-cv-05716-BHS-JRC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff David Henry Curry, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges that he has been deprived of medications necessary to treat his chronic pain and risk of stroke since being incarcerated with the Washington Department of Corrections. However, he has not alleged personal participation by any of the named defendants. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint because plaintiff has yet to plead sufficient facts to demonstrate that defendants were deliberately indifferent to his medical

ORDER TO SHOW CAUSE OR AMEND - 1

needs. However, the Court provides plaintiff leave to file an amended pleading by October 27, 2017, to cure the deficiencies identified herein.

## BACKGROUND

Plaintiff has been incarcerated at the Pierce County Jail since January of 2017. Dkt. 6 at 7. Upon entering jail, he had a number of prescriptions, ranging from pain killers to medication to treat his cholesterol and risk of stroke. *Id*. He states that the medication is for chronic pain stemming from a car accident, multiple surgeries from complications associated with the car accident, and several other unrelated medical conditions. *Id*. at 7-8. This claim arises out of alleged withholding of several of those medications, as well as enforced living conditions that aggravate his medical conditions. *Id*. at 8-12.

## DISCUSSION

### I. Personal Participation by Defendants

Plaintiff alleges that various medical providers and prison officials provided him with inadequate medical care or denied his grievances seeking adequate medical care. Dkt. 6. However, plaintiff does not explain any personal actions by the named defendant. These allegations are insufficient to state a claim under § 1983.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be

based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Here, plaintiff has not shown personal participation by defendants. After plaintiff's prayer for relief, plaintiff has included a list of the events during which he alleges his constitutional rights were violate. Dkt. 6 at 7-12. He lists the medications he requires, the dates he felt symptoms of his various medical issues, the dates medical staff allegedly withheld medication from him or ignored his complaints, and the living conditions aggravating his medical circumstance. *Id*. However, none of his allegations explain how defendants Naphcare, Chief Jackson, or Miguel Balderrama personally participated in these alleged deprivations. *Leer*, 844 F.2d at 633. Defendant Jonathon Slothower is mentioned once (Dkt. 6 at 10), but plaintiff does not clearly explain how defendant Slothower's actions harmed plaintiff. Without demonstrating personal participation, plaintiff cannot state a claim for which this Court can grant relief. Insofar as plaintiff is arguing that defendants had supervisory authority over the staff that caused his alleged harm, supervisory liability alone is insufficient to state a claim. *Harris*, 489 U.S. at 385-90. Again, plaintiff must explain how defendants personally participated in the alleged constitutional deprivation in order to effectively state a claim for which relief can be granted.

If plaintiff wishes to pursue this § 1983 action, he must provide an amended complaint with a short, plain statement explaining exactly what the named defendants did or failed to do and how the actions violated plaintiff's constitutional rights and caused him harm. Plaintiff may also provide an amended complaint including additional defendants, similarly including a short, plain statement explaining what those additional defendants did or failed to do and how their actions violated plaintiff's constitution rights.

## II. Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) *the name or names of the person or persons who violated the right*; (3) *exactly what each individual or entity did or failed to do*; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein **on or before October 27, 2017**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

Dated this 4th day of October, 2017.

J. Richard Creatura
United States Magistrate Judge