UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| DAVID HENRY CURRY, | |
|---|---|
| Plaintiff, | CASE NO. 3:17-cv-05716-BHS-JRC |
| v. | ORDER TO SHOW CAUSE OR FILE SECOND AMENDED COMPLAINT |
| MIGUEL BALDERAMMA and JONATHON SLOTHOWER, | |
| Defendants. | |

Plaintiff David Henry Curry, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Pursuant to this Court's order, plaintiff has filed an amended complaint. However, in his amended complaint, he has not alleged a claim for which relief can be granted. Therefore, the Court orders that plaintiff file a second amended complaint explaining the particular injury he has allegedly suffered and how each defendant caused that alleged injury.

**BACKGROUND**

Plaintiff has been incarcerated at the Pierce County Jail since January of 2017. Dkt. 6 at 7. He filed his complaint in September of 2017. Dkt. 1. The Court ordered him to file an amended complaint alleging the personal participation by his named defendants. Dkt. 7. In response, plaintiff filed an amended complaint. Dkt. 9. In that complaint, plaintiff names two

specific defendants, but does not provide facts explaining the unlawful actions each defendant allegedly took. *Id*. He further does not specify what harm defendants' alleged actions caused. *Id*.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

**I. Claims For Which Relief May Be Granted**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere conclusory statements in a complaint

and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

Here, plaintiff has not alleged sufficient facts to establish a claim for which relief can be granted. He has properly named two specific defendants and alleged that they were "fully aware of [plaintiff's] medical issues" and "offered no relief." Dkt. 9 at 3. However, he has not explained what those medical issues are or how defendants' actions led to his harm.[1] Rather, he states that defendants possessed his medical records, that they left his health issues untreated for months, and that, therefore, they were "deliberately indifferent to [his] medical needs." Dkt. 9 at 3. The Court cannot determine whether defendants were deliberately indifferent to plaintiff's medical needs unless plaintiff explains what serious medical needs he has and how defendants' actions rose to unlawful indifference. Plaintiff's bare allegations do not show that his constitutional rights were violated, that it was defendants who violated those rights, or that plaintiff suffered an injury. Because of this, plaintiff's allegations do not state a claim for which relief can be granted. Therefore, the Court orders plaintiff to file a second amended complaint containing sufficient facts to allege a claim for which relief can be granted, or otherwise show cause why the Court should not recommend that his action be dismissed.

## II.     Instructions to Plaintiff

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a second

---

[1] The Court notes that plaintiff described his medical issues in greater detail when he filed his original complaint. *See* Dkt. 5. However, as the Court noted in its previous order, the amended complaint is a complete replacement for the original complaint and the Court will not consider allegations raised in the original complaint and omitted in the amended complaint. Dkt. 7 at 4.

amended complaint and within the second amended complaint, he must write a short, plain statement alleging: (1) the constitutional right plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) **exactly what each individual or entity did or failed to do**; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) **what specific injury plaintiff suffered because of the individuals' conduct**. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original amended complaints by reference. The second amended complaint will act as a complete substitute for the amended complaint, and not as a supplement. A second amended complaint supersedes the amended complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the second amended complaint must be complete in itself and all facts and causes of action alleged in the original or amended complaints that are not alleged in the second amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the second amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the second amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

The Court reiterates that plaintiff's current amended complaint was a "complete substitute for the original complaint . . . ." *See* Dkt. 7 at 4. Thus, for the purposes of this order,

the Court did not consider allegations contained in the original complaint that were not alleged in the amended complaint. Similarly, plaintiff's second amended complaint will be a complete substitute for his amended complaint. **He must include all allegations that support his claims in the second amended complaint in order for the Court to consider them**. He should include a description of his alleged harms and how each defendant personally participated in causing that injury.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein **on or before December 1, 2017**, the undersigned will recommend dismissal of this action.

## CONCLUSION

Plaintiff has not stated a claim for which relief can be granted. Therefore, the Court orders plaintiff to either file a second amended complaint correcting the deficiencies identified herein, or to show cause why the Court should not recommend his action be dismissed. Plaintiff may file his second amended complaint **on or before December 1, 2017**.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and a Pro Se Instruction Sheet to plaintiff.

Dated this 2nd day of November, 2017.

J. Richard Creatura
United States Magistrate Judge