UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID HENRY CURRY,

              Plaintiff,

      v.

MIGUEL BALDERRAMA and
JONATHON SLOTHOWER,

            Defendants.

CASE NO. 3:17-cv-05716-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: JUNE 8, 2018

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Defendants have filed a motion to dismiss arguing that plaintiff's action should be dismissed for failure to state a claim because the exhibits from his original complaint contradict his current amended complaint and because the complaint has failed to state a claim on its face. However, the Court does not generally consider materials outside the complaint itself when analyzing a motion to dismiss, the Court will not consider those materials. Further, plaintiff has

1  stated enough factual allegations in his second amended complaint to state a claim on which

2  relief can be granted. Therefore, the Court recommends defendants' motion to dismiss be denied.

3  ## BACKGROUND and PROCEDURAL HISTORY

4  Plaintiff initially filed his action in September of 2017. Dkt. 1. After granting his motion

5  for leave to proceed *in forma pauperis*, the Court ordered that he file an amended complaint.

6  Dkt. 7. After reviewing plaintiff's amended complaint, the Court again ordered him to file a

7  second amended complaint. Dkt. 11. Upon receipt of the second amended complaint (Dkt. 12),

8  the Court directed service on defendants (Dkt. 13).

9  In his second amended complaint, plaintiff alleges that both defendants are depriving him

10  of necessary medication, specifically to prevent stroke and chronic pain. Dkt. 12 at 3. He states

11  this left him in constant pain and fear that, without his stroke medication, his next stroke would

12  be fatal. *Id*. He also alleges that he provided defendants with reports from previous doctors

13  indicating the necessity of the medications, but defendants still did not provide him with the

14  required medications. *Id*. He alleges that the deprivation of medication despite knowledge of its

15  necessity constitutes deliberate indifference to his serious medical condition. *Id*.

16  ## STANDARD OF REVIEW

17  A complaint must contain a "short and plain statement of the claim showing that the

18  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) of

19  the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual

20  allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell*

21  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Mere conclusory statements in a complaint

22  and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v.*

23  *United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a

24

cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Twombly,* 550 U.S. at 556, 570). The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

While the Court must accept all the allegations contained in the complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* When a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 U.S. 519 (1972), *reh'g denied,* 405 U.S. 948 (1972); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc) (petitioner should be afforded the "benefit of any doubt").

While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact a prisoner has failed to plead. *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (*quoting Ivey v. Board of Regents of University of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)). The court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

## DISCUSSION

### I.     Materials Outside the Complaint

As a general rule, courts may not consider evidence outside the pleadings when making a determination on a motion to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.

2001). If such evidence is presented, the motion to dismiss is normally converted to a motion for summary judgment. *Id*. However, a court may "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Indeed, a court can look at matters outside the complaint if a party properly incorporates them by reference. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). To properly incorporate an exhibit, plaintiff's complaint must rely on the exhibit and the complaint must reference the exhibit. *See Ritchie*, 342 F.3d at 908 (finding declarations were not properly incorporated because they did not form the basis of the complaint and the complaint did not refer extensively to any of them). If the materials are properly incorporated by reference, the Court will only accept them if their authenticity is not contested. *Lee*, 250 F.3d 668. However, just because a prisoner attaches something to his complaint does not necessarily mean he vouches for the credibility of its contents. *See*, *e.g.*, *Rivera v. Hamlet*, No. C03-962 SI (PR), 2003 WL 22846114 at *5 (N.D. Cal. 2003).

Here, plaintiff has not properly incorporated his earlier medical submissions or grievances into his second amended complaint. Plaintiff references his earlier attachments only with the following statement: "I have a serious medical need, as stated in my reports to you already. I provided medical doctor's reports as evidence already." Dkt. 12 at 3. Those exhibits cannot be said to be properly incorporated by reference because the Court has received several medical records and plaintiff has not explained which medical records help to support what condition. The Court will not guess which records are being referred to, nor should it rely on such records when ruling on a motion to dismiss.  His passing statements referring to evidence

1    already submitted does not imply that his complaint relies on them, and indeed, as will be

2    explained in section II *infra*, his complaint can survive dismissal without referring to those

3    materials.

4          Further, plaintiff has included several grievances and appeals in his original set of

5    exhibits, but has not referenced them in his current complaint. In addition, he disputes their

6    contents. Dkt. 23. Though one response to a grievance states that plaintiff is being maintained on

7    a particular medication, plaintiff alleges he would be placed on the medication, and almost

8    immediately removed from it. *Id*. at 3-4. Such a disagreement about the contents of the allegedly

9    incorporated material does not demonstrate that both parties ascribe to the authenticity of the

10    materials. Therefore, the Court finds plaintiff's original medical and grievance filings were not

11    properly incorporated by reference here, and the Court will not consider them in this motion to

12    dismiss.

13        **II.**    **Motion to Dismiss**

14          Defendants argue that plaintiff's complaint has not stated a claim for deliberate

15    indifference and that he has failed to allege the personal participation of defendant Slothower.

16    Dkts. 20, 22. A pro se plaintiff's complaint should be read liberally. *Haines v. Kerner,* 404 U.S.

17    519. However, the Court need not read the complaint so liberally as to supply facts essential to

18    plaintiff's claims. *Pena v. Gardner*, 976 F.2d at 471. Further, to state a claim for deliberate

19    indifference to medical treatment, plaintiff must allege that he has a serious medical need and

20    that defendants knew of and intentionally denied or delayed care for that serious medical need.

21    *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). .

22          Here, read liberally, plaintiff has stated a claim on which relief may be granted. He

23    alleges that both defendants are withholding stroke and chronic pain medications. Dkt. 12 at 3.

24

He has thus alleged personal participation as to both defendants. He states that previous doctors have advised him that those medications are necessary for survival and that he has advised defendants about that necessity. *Id*. Nevertheless, plaintiff alleges that defendants ignored those reports and continue to refuse to provide him medication. *Id*. Pro se plaintiffs are to be given the "benefit of any doubt." *Bretz*, 773 F.2d at 1027 n. 1. To survive a motion to dismiss, plaintiff must only provide a complaint containing sufficient factual matter that, if accepted as true, entitles plaintiff to relief. *Iqbal*, 556 U.S. at 678. Plaintiff has done so here. Therefore, the Court recommends defendants' motion to dismiss (Dkt. 20) be denied.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 8, 2018** as noted in the caption.

Dated this 18th day of May, 2018.

J. Richard Creatura
United States Magistrate Judge