UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID HENRY CURRY,

          Plaintiff,

   v.

MIGUEL BALDERRAMA and
JONATHON SLOTHOWER,

          Defendants.

CASE NO. 3:17-cv-05716-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: February 8, 2019

    This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

    Plaintiff David Henry Curry alleges that his Eighth Amendment rights were violated because defendants acted with deliberate indifference when they withheld plaintiff's pain medication and statin medication to help prevent stroke. However, plaintiff has provided no evidence to support these allegations, and the undisputed facts on the record indicate that defendants never withheld any medication. In addition, though it appears plaintiff was unhappy with the pain medication he was placed on, that fact alone does not establish medical deliberate

1 indifference. The Court finds that the undisputed facts do not show that defendants acted with

2 deliberate difference in their medical treatment of plaintiff. Accordingly, the Court recommends

3 both defendants' motions for summary judgment be granted and plaintiff's action be dismissed.

## BACKGROUND and PROCEDURAL HISTORY

5     Plaintiff initially filed his complaint in September of 2017. Dkt. 1. Pursuant to orders

6 from the Court, plaintiff filed his second amended complaint, the operative complaint in this

7 action, in November of 2017. Dkt. 12. Plaintiff alleges that both defendant Balderrama and

8 defendant Slothower acted with deliberate indifference when they withheld his chronic pain

9 medication and statin medication to help prevent stroke. *Id*. Defendants each filed a motion for

10 summary judgment and declarations under seal because they contain details of plaintiff's

11 sensitive medical history. Dkts. 36, 42, 43, 44, 49, 50. Plaintiff has filed nothing in response. *See*

12 Dkt.

## STANDARD OF REVIEW

14     The purpose of summary judgment is to avoid unnecessary trials when there is no dispute

15 over the material facts before the court and the moving party is entitled to judgment as a matter

16 of law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir. 1975), *overruled on other grounds*

17 *by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990). The moving party is entitled

18 to summary judgment if the evidence produced by the parties permits only one conclusion.

19 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). To determine if summary judgment

20 is appropriate, the court must consider whether particular facts are material and whether there is

21 a genuine dispute as to the material facts left to be resolved. Fed. R. Civ. P. 56(c). Where there

22 is a complete failure of proof concerning an essential element of the non-moving party's case on

23 which the nonmoving party has the burden of proof, all other facts are rendered immaterial, and

24

the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive evidentiary burden"). However, when presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro se complaint will be liberally construed . . . ." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).

Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The opposing party cannot rest solely on his pleadings but must produce significant, probative evidence in the form of affidavits, and/or admissible discovery material that would allow a reasonable jury to find in his favor. *Id.* at n.11; *Anderson*, 477 U.S. at 249-50. In addition, when a party fails to file a response to a motion for summary judgment, the Court does not take that as an admission that the motion has merit. LCR 7(b)(2). However, the Court may consider the facts produced by the moving party as "undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

**DISCUSSION**

Plaintiff's allegations against both defendants amount to a claim that they acted with deliberate indifference because they knew of plaintiff's serious medical needs, yet failed to address them. Plaintiff was a pretrial detainee at the time of his allegations. The Due Process Clause of the Fourteenth Amendment protects pretrial detainees by prohibiting the State from punishing them. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The Ninth Circuit has

"long analyzed claims that correction facility officials violated pretrial detainees' constitutional rights" by failing to provide adequate medical care by determining if the official acted with deliberate indifference. *Clouthier v. Count of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010) (citing *Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003)).

Deliberate indifference to a prisoner's medical needs is defined by the Ninth Circuit as the "unnecessary and wanton infliction of pain" by ignoring a prisoner's serious medical need. *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Indifference may be manifested by an inadequate response to the prisoner's need, by the intentional denying or delaying access to medical care, or the intentional interference with treatment once prescribed. *Id.*

"[C]laims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)). "[T]he plaintiff must 'prove more than negligence but less than subjective intent – something akin to reckless disregard.'" *Id.* (quoting *Castro*, 833 F.3d at 1071). Thus, a plaintiff must demonstrate: (1) a defendant made an intentional decision with respect to plaintiff's medical condition; (2) the condition put plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable measures to abate the risk; and (4) by not taking such measures, the defendant caused plaintiff injury. *Id.* at 1125.

### I. Plaintiff's Medical Care

Plaintiff argues that defendants withheld plaintiff's chronic pain medication as well as his statin medication used to prevent strokes. Dkt. 12, p. 3. It is not disputed that plaintiff was taking a prescription opiate pain killer for his chronic back pain when he first entered custody. Dkt. 43,

1  pp. 13, 17. It is also undisputed that plaintiff was taken off the opiate pain killer and provided
2  with a detox regimen in order to ensure any opiate withdrawal symptoms were minimal. *Id*. at p.
3  19. Defendants have provided evidence that, though plaintiff was removed from the opiate pain
4  killer, he was placed on prescription strength non-opiate drugs to manage his pain, as well as
5  other medications shortly thereafter. *See* Dkt. 43, p. 29. He was eventually provided with a
6  second mattress to ease his back pain as well as non-steroid anti-inflammatory drugs
7  ("NSAIDs") to help treat his chronic back pain. *See* Dkt. 43, p. 96.
8        Approximately a week after plaintiff was placed in custody, a non-party medical provider
9  examined plaintiff for his back pain. Dkt. 43, p. 40. That provider indicated that she looked up
10 plaintiff's previous providers in order to start new medications and decide how to treat plaintiff's
11 chronic pain. *Id*. In addition, though plaintiff alleges that defendants withheld his statin stroke
12 medication, the record indicates that plaintiff did not disclose his need for statin medication in
13 his initial intake, *see* Dkt. 43, pp. 12-24, and that he was nonetheless placed on statin medication
14 once his facility received a medications list from plaintiff's previous pharmacy, *see* Dkt. 43, p.
15 50; Dkt. 50, p. 39. In addition, the record indicates plaintiff was maintained on that statin
16 medication during his incarceration and, far from withholding the statin medication, defendant
17 Balderrama indicated the importance of maintaining plaintiff on the statin medication. Dkt. 43, p.
18 84.
19       The evidence also shows that plaintiff believed he had suffered from a stroke while in jail
20 and indicated that he believed medical staff did not effectively handle his medical emergency.
21 Dkt. 43, p. 35. However, the record reflects that, when plaintiff presented to medical staff when
22 he allegedly had his stroke, he was in fact examined for signs of a stroke but the nurse did not
23 find any stroke symptoms. *Id*. at p. 36. Plaintiff also filed a grievance regarding his alleged
24

stroke. Dkt. 43, pp. 83-84; Dkt. 50, pp. 8-9. Plaintiff indicated he believed that medical staff failed to adequately address plaintiff's symptoms and failed to take a prior stroke into account when evaluating plaintiff. Dkt. 43, p. 83; Dkt. 50, p. 8. Defendant Slothower initially responded, stating that records from plaintiff's previous doctors did not indicate prior strokes and, further, medical staff examined plaintiff and found no signs or symptoms of a stroke. Dkt. 43, p. 83; Dkt. 50, p. 8. Plaintiff appealed that determination, and defendant Balderrama reviewed the decision, finding that plaintiff's appeal was unfounded, that plaintiff was currently on a statin medication, and that it was important that plaintiff continue the statin medication he was already prescribed. Dkt. 43, p. 84; Dkt. 50, p. 9.

Plaintiff later filed a second grievance regarding a second mattress for his back pain and his chronic pain medication. Dkt. 43, p. 133; Dkt. 50, p. 11. He complained that medical staffs' alterations to his prescriptions were inappropriate and causing him undue hardship. *Id*. Defendant Slothower initially responded, erroneously stating that plaintiff had not been on pain medication upon admission to the facility, but that he had been provided a low tier bunk, an extra mattress, and pain medication for his chronic pain, and that defendant Slothower believed no further medical intervention was necessary at the time. *Id*. Plaintiff appealed that determination arguing that he was not on the same medications he had been on before admission to the facility and Defendant Balderrama denied the appeal. Dkt. 43, p. 134; Dkt. 50, p. 12. Defendant Balderrama corrected defendant Slothower, noting that plaintiff had a history of chronic back pain before incarceration, noting that he would continue to offer plaintiff medical management of that pain, and noting that plaintiff had been scheduled for chronic care appointments to address his chronic back pain. *Id*. Defendant Balderrama thus also determined that additional medical intervention was not necessary at the time.

1      The Court notes that, on this record, these two grievances constitute the only two

2 instances where plaintiff and defendant Slothower had any interaction.

3      The record reflects that several medical staff continued to monitor plaintiff throughout

4 the time he was incarcerated at the Pierce County Jail. For example, when plaintiff complained

5 that his pain management was not being properly controlled, defendant Balderrama adjusted his

6 medications to more effectively control plaintiff's pain. *See* Dkt. 43, p. 90. In another instance, a

7 physician's assistant also amended plaintiff's medication when plaintiff complained that it was

8 ineffective, though that physician's assistant also noted that she refused plaintiff narcotics. *Id*. at

9 p. 92. She further noted that one of the reasons plaintiff's pain management may be ineffective

10 was because he failed to show up to take his medication several times. *Id*. Defendants have

11 provided evidence that plaintiff refused to take his pain medications and other medications on no

12 fewer than 37 occasions. Dkt. 43, pp. 103-131.

13     **II.     Deliberate Indifference as to Defendant Balderrama**

14     Here, plaintiff alleges that defendant Balderrama withheld both his pain medication and

15 his statin medication.  However, plaintiff has not provided any evidence to support that

16 allegation. To the contrary, as discussed above, the undisputed record indicates that plaintiff was

17 maintained on both prescription strength non-opiate pain medication and statin medication

18 during his time at the Pierce County Jail.

19      In plaintiff's first grievance appeal, defendant Balderrama, far from withholding

20 plaintiff's statin medication, noted the importance of maintaining plaintiff's statin medication.

21 Dkt. 43, p. 84. Defendant Balderrama also indicated that plaintiff had a scheduled appointment

22 for an evaluation of his chronic conditions. *Id*. Plaintiff has provided no evidence indicating that

23 he was ever removed from the statin medication except his own bald allegations. In plaintiff's

24

second grievance appeal, defendant Balderrama noted that plaintiff had a history of chronic back pain indicated both by previous providers and providers in the jail. Dkt. 43, 134. He indicated, and plaintiff has not provided evidence disputing, that plaintiff would continue to be treated using the resources available at the facility, and defendant Balderrama further indicated that plaintiff had been scheduled for additional appointments to address his chronic pain. *Id.*

In addition, the record indicates that defendant Balderrama altered plaintiff's pain management regimen when plaintiff complained it was ineffective. Dkt. 43, p. 90. It is undisputed that plaintiff was switched from a prescription opiate painkiller to a prescription non-opiate drug for treating his chronic pain when plaintiff was incarcerated. Though plaintiff was not maintained on an opiate pain medication, the decision to choose one pain medication over another and to maintain treatment does not, in itself, amount to deliberate indifference. *See Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1355 (9th Cir. 1981) (finding a difference of opinion between an inmate and medical authorities regarding proper medical treatment does not give rise to a constitutional violation).

Further, in the Ninth Circuit, a prisoner must be provided notice with a motion for summary judgment, providing the prisoner fair warning that he must submit evidence beyond merely his complaint in support of his claims in order to avoid summary judgment. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998); *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). Here, Plaintiff was provided notice by both defendants that he must submit evidence in order to avoid summary judgment. Dkts. 39, 47. Nonetheless, plaintiff has provided nothing except his conclusory allegations in his complaint to support his claims. Mere allegations are insufficient to survive summary judgment.

1    Thus, the Court finds that, based on the undisputed record, defendant Balderrama did not
2    withhold pain medication or statin medication from plaintiff, and the Court finds that defendant
3    Balderrama's actions do not amount to objectively unreasonable medical decision that rises to
4    the level of deliberate indifference. Therefore, the Court recommends that defendant
5    Balderrama's motion for summary judgment (Dkts. 36, 42) be granted and the claims against
6    defendant Balderrama be dismissed.

**III.    Deliberate Indifference as to Defendant Slothower**

Plaintiff also alleges that defendant Slothower withheld plaintiff's pain and statin medications. The undisputed record indicates that defendant Slothower only interacted with plaintiff twice, when defendant Slothower denied plaintiff's two grievances. Defendant Slothower denied plaintiff's first grievance, finding that the records available to medical staff at the time did not indicate a history of stroke and that plaintiff was examined thoroughly and held for observation, but plaintiff exhibited no symptoms of stroke. Dkt. 50, p. 8. Indeed, the medical notes from plaintiff's examination that defendant Slothower relied on when denying plaintiff's grievance support that plaintiff was examined, was held for observation, and medical staff did not find any stroke symptoms. *See* Dkt. 43, p. 36. The Court finds that denying plaintiff' grievance based on medical records that showed no sign of stroke does not amount to an objectively unreasonable medical determination under these circumstances.

Defendant Slothower also denied plaintiff's second grievance. Plaintiff second grievance appears to complain about not receiving a second mattress for his chronic back pain and about receiving inadequate pain management for his chronic back pain. Dkt. 50, p. 11. In response, defendant Slothower erroneously stated that plaintiff had not been on pain medication for his chronic back pain before incarceration. *Id*. Nonetheless, defendant Slothower indicated that

1  plaintiff had already received a second mattress for his back pain, that he had been provided a
2  low tier bunk, and that he was currently on pain medication for his chronic back pain. *Id*.
3  Because of this, defendant Slothower determined that additional medical intervention was not
4  necessary at the time, and directed plaintiff to contact the medical department if he had any new
5  medical complaints. *Id*. Thus, even though defendant Slothower erroneously found that plaintiff
6  had not been on pain medication before incarceration, he still determined that there was nothing
7  new that warranted additional medical intervention at the time, and determined that plaintiff
8  should be maintained on his current medical regimen. *Id*. The Court finds that a medical
9  provider's determination not to amend a patient's treatment modalities, without more, does not
10 amount to an objectively unreasonable medical determination under these circumstances.

11       Further, there is no other evidence on this record that defendant Slothower otherwise
12 withheld any of plaintiff's pain or statin medications. Defendant Slothower's responses to
13 plaintiff's grievances did not withhold any medication. Rather, they maintained plaintiff on his
14 current medical plan and affirmed previous treatment he had received. Further, the record
15 indicates that plaintiff received both pain medication and statin medication during his
16 incarceration – the record indicates that the only break in plaintiff's treatment with any
17 medications was when he refused to accept them. *See* Dkt. 50, pp. 19-39. Finally, defendant
18 Slothower has provided evidence, which plaintiff has not disputed, that defendant Slothower is a
19 registered nurse who does not routinely provide direct medical care to prisoners, who did not
20 evaluate plaintiff directly, and who does not have the authority to prescribe or withhold
21 medications from prisoners. Dkt. 50, ¶¶ 5-7.

22       In addition, in the Ninth Circuit, a prisoner must be provided notice with a motion for
23 summary judgment, providing the prisoner fair warning that he must submit evidence beyond
24

merely his complaint in support of his claims in order to avoid summary judgment. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998); *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). Here, though both defendants put plaintiff on notice that he must submit evidence in support of his claims in order to avoid summary judgment, Dkts. 39, 47, the Court finds that plaintiff has failed to provide any evidence that defendant Slothower did anything to withhold either his pain medication or his statin medication. Rather, plaintiff relies only on the allegations contained in his complaint. Reliance on mere allegations contained in a complaint is not enough to avoid summary judgment. *See Anderson*, 477 U.S. at 249-50 (to survive summary judgment, a party must provide more than allegations in a complaint).

Thus, even reading the facts in the light most favorable to plaintiff, the Court finds that defendant Slothower's responses to plaintiff's grievances, which the record indicates are defendant Slothower's only two interactions with plaintiff, do not amount to an objectively unreasonable medical determination amounting to deliberate indifference. Therefore, the Court recommends defendant Slothower's motion for summary judgment (Dkts. 44, 49) be granted and the claims against defendant Slothower be dismissed.

**IV. Qualified Immunity**

Defendant Balderrama also argues that he is entitled to qualified immunity. However, the Court has already made a determination that defendant Balderrama's actions do not amount to deliberate indifference as a matter of law. Therefore, the Court declines to make a determination as to qualified immunity at this time.

## CONCLUSION

For the reasons set forth above, the Court recommends that both defendant Balderrama's motion for summary judgment (Dkts. 36, 42) and defendant Slothower's motion for summary judgment (Dkts. 44, 49) be granted. Plaintiff's action should be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 8, 2019** as noted in the caption.

Dated this 18th day of January, 2019.

J. Richard Creatura
United States Magistrate Judge